UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE FLUKER,

        Plaintiff,

v.                                        Case No. 8:13-cv-1085-T-35AEP

STATE OF FLORIDA,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Proceeding *pro se*, Plaintiff filed a Complaint alleging claims against the State of Florida (Dkt. No. 1). Currently before the Court is Plaintiff's unsigned Affidavit of Indigency (Dkt. No. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*. In considering requests to proceed *in forma pauperis*, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or "without arguable merit either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Accordingly, where a court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories

are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

Furthermore, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as plead, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

Here, Plaintiff filed a "Civil Rights Complaint Form" in which she sets forth completely incoherent, disjointed, and illegible allegations against the State of Florida. From the minimal information provided, the Court cannot determine what claims Plaintiff seeks to assert or whether a basis exists for establishing the Court's jurisdiction. Even construing the sparse and disjointed facts liberally, it appears that amending the complaint would prove futile as Plaintiff cannot establish a basis for federal jurisdiction or a claim upon which relief may be granted and Plaintiff's purported claims are frivolous as they appear to involve events occurring more than twenty years ago. Accordingly, after due consideration, it is hereby

RECOMMENDED:

1. Plaintiff's construed motion for leave to proceed *in forma pauperis* (Dkt. No. 2) be DENIED.

2. Plaintiff's Complaint (Dkt. No. 1) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida this 24th day of April, 2013.

ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Mary S. Scriven
Plaintiff, *pro se*